UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NATHAN BROWN,

                             Plaintiff,

      -v.-                                        9:07-CV-0480
                                                          (LEK)(DEP)

DALE ARTUS, Superintendent; LINDA TURNER, Deputy
Superintendent; R.J. MINOGUE, Captain; JOHN DOE,
Corrections Sergeant; JOHN DOE, Corrections Officer;
and JOHN DOE, Corrections Officer,

                             Defendants.

---

APPEARANCES:                                 OF COUNSEL:

NATHAN BROWN, *Pro Se*

OFFICE OF THE ATTORNEY GENERAL       CHRISTINA L. ROBERTS-RYBA, ESQ.
State of New York                              Assistant Attorney General
The Capitol
Albany, NY 12224
Counsel for Defendants

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

      Presently before the Court are four motions to compel discovery filed by *pro se* plaintiff Nathan Brown. Dkt. Nos. 16, 21, 23, and 24. Defendants have responded to all of the motions. Dkt. Nos. 18, 22, 25, and 26. Plaintiff has replied to defendants' responses. Dkt. Nos. 28, 29.

I.     <u>First Motion to Compel</u>

      Plaintiff's first motion to compel relates to plaintiff's first request for production of documents ("RFP") dated July 20, 2007 and his first request for interrogatories addressed to defendant Turner. Dkt. No. 16 at 3. Plaintiff states that, as of the date of his motion, no response had been provided to these discovery requests. *Id*. at 4. Defendants oppose plaintiff's first motion to compel. Dkt. No. 18. Defendants' counsel states that on September 25, 2007, responses to

plaintiff's first RFP and the Turner interrogatories were served on plaintiff. *Id*. Plaintiff did not object to the responses after he received them, and has not indicated that he believes the responses to be incomplete, or that the objections stated thereto are not legally sufficient. Although defendants have failed to provide the court with copies of their responses, it is telling that plaintiff has not taken exception to defendants' assertion that they have responded to plaintiff's discovery requests. Accordingly, plaintiff's first motion to compel (Dkt. No. 16) is **denied as moot**. *See, e.g., Hamilton v. Poole*, No. 95-CV-239H, 1997 WL 626406, at *6 (W.D.N.Y. Sep. 22, 1997) (denying motion to compel filed by plaintiff where defendants responded to discovery after motion was filed).

II.  Second Motion to Compel

Plaintiff's second motion to compel relates to plaintiff's first request for interrogatories addressed to defendant Minogue dated August 6, 2007 and first request for interrogatories addressed to defendant Artus dated August 24, 2007. Dkt. No. 21 at 3. Plaintiff states that, as of the date of his motion, no response had been provided to these discovery requests. *Id*. at 4. Defendants submitted papers in opposition to plaintiff's second motion to compel. Dkt. No. 22. Defendants' counsel states that on October 11 and 24, 2007, respectively, responses to plaintiffs Minogue and Artus's interrogatories were served on plaintiff. *Id*.

Plaintiff did not object to the responses after he received them, and has not indicated that he believes the responses to be incomplete, or that the objections stated thereto are not legally sufficient. Although defendants have failed to provide the court with copies of the Minogue responses,[1] it is telling that plaintiff has not taken exception to defendants' assertion that they have

---

[1] Defendants did provide the court with a copy of the Artus response to the first set of interrogatories. Dkt. No. 25. In light of plaintiff's *pro se* status, the court has reviewed the response and has determined that defendants substantially complied with plaintiff's discovery request or stated valid objections thereto.

2

responded to plaintiff's discovery requests. Accordingly, plaintiff's second motion to compel (Dkt. No. 21) is **denied as moot**. *See, e.g., Hamilton,* 1997 WL 626406, at *6.

III.  Third and Fourth Motions to Compel

Plaintiff's third motion to compel relates to plaintiff's second request for interrogatories addressed to defendant Artus dated September 17, 2007. Dkt. No. 23 at 1. Plaintiff's fourth motion to compel relates to plaintiff's third request for interrogatories addressed to defendant Artus dated October 1, 2007. Dkt. No. 24 at 1. Plaintiff states that, as of the date of his motions, no response had been provided to these discovery requests. Dkt. No. 23 at 4; Dkt. No. 24 at 5. Defendants oppose both of these motions. Dkt. Nos. 25, 26.

> Defendants' counsel states:
>
> Plaintiff sent a first set of interrogatories dated August 24, 2007 to Defendant Dale Artus. The first set included 28 interrogatories including subparts. Defendant Artus responded to the first set and they were mailed to the plaintiff. *See* Exhibit A. Plaintiff sent a second request for interrogatories upon Dale Artus dated September 17, 2007. *See* Exhibit B. Pursuant to the Federal Rules of Civil Procedure 33, interrogatories cannot exceed 25 in number including all discrete sub-parts. Accordingly, due to the fact that Defendant Artus has already responded to 28 written interrogatories, plaintiff is not entitled to additional ones and therefore plaintiff's motion to compel should be denied.

Dkt. No. 25 at 1; *see also* Dkt. No. 26 (arguing that the fourth motion to compel should also be denied because plaintiff seeks to propound in excess of 25 interrogatories).

Federal Rules of Civil Procedure Rule 33(a)(1) states

> [u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1).

As one district court within this Circuit has observed,

courts have held that interrogatory subparts are to be counted as discrete subparts if

3

>they are not logically or factually subsumed within and necessarily related to the primary question. Thus, [i]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question. On the other hand, multiple interrelated questions may constitute a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately.

*Cramer v. Fedco Automotive Components Co., Inc.*, No. 01-CV-0757E, 2004 WL 1574691, *4 (W.D.N.Y. May 26, 2004) (citations and internal quotations omitted).

The court has reviewed the first set of Artus interrogatories and finds that, including discreet subparts, they amount to 26 in number.[2] The second and third sets of interrogatories include a total of, at most, 6 interrogatories. Dkt. No. 23 at 6; Dkt. No. 24 at 8-9.

The court must now decide whether to permit the excess interrogatories.[3] The interrogatories do not appear to be particularly onerous. Plaintiff is only asking for an additional seven interrogatories above the limit. Plaintiff is incarcerated; therefore, other forms of discovery, such as oral depositions, are not readily available or affordable to plaintiff. For these reasons, I find that plaintiff should be allowed to propound the excess interrogatories to defendant Artus. Defendant Artus shall respond to the second and third set of interrogatories dated September 17, 2007 and October 1, 2007, respectively, in accordance with the Federal Rules on or before February 29, 2008. Nothing in this order constitutes a determination of the merits of any of the proposed interrogatories. Defendants are free to assert any appropriate objection to the interrogatories, other

---

[2] Plaintiff himself, seems to admit that the first set of the Artus interrogatories number 28, including discreet subparts. Dkt. No. 28.

[3] Plaintiff states that defendants objected to many of the requests in the first set of interrogatories and thus answered only 16 of them. Dkt. No. 28. Plaintiff argues that he should therefore be allowed to propound 9 more interrogatories to Artus to replace those not answered. *Id*. This argument is without merit.

than an objection based on the number of interrogatories.

Plaintiff's third and fourth motions to compel are therefore granted to the extent that defendant Artus must, on or before February 29, 2008, provide responses to the second and third set of interrogatories dated September 17, 2007 and October 1, 2007.

WHEREFORE, it is hereby

ORDERED, that plaintiff's first motion to compel (Dkt. No. 16) is DENIED as moot, and it is further

ORDERED, that plaintiff's second motion to compel (Dkt. No. 21) is DENIED as moot, and it is further

ORDERED, that plaintiff's third and fourth motions to compel (Dkt. No. 23, 24) are GRANTED as set forth above, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:      January 29, 2008
            Syracuse, New York