UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATHAN BROWN,

                              Plaintiff,

   -v-                                            9:07-CV-480 (LEK/DEP)

DALE ARTUS, Superintendent, *et al.*,

                              Defendants.

**ORDER**

       This matter comes before the Court following a Report-Recommendation filed on July 15, 2009 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 77).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the supplemental Reply filed by Plaintiff Nathan Brown on July 22, 2009 (Dkt. No. 78) and the Objections by Defendants Dale Artus and R.J. Minogue, filed on July 29, 2009 (Dkt. No. 80).

       It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.[1]

---

[1] Defendant Minogue argues that there are no triable issues of fact regarding Plaintiff's retaliation claim against him, because Plaintiff's only evidence in support of the claim is based on hearsay. Dkt. No. 80 at 2. However, the Court notes that the alleged statements relied on by Plaintiff may fit into an exception to the hearsay rule, and agrees with Judge Peebles that the

1

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 77) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants Artus and Minogue's Motion for partial summary judgment (Dkt. No. 67) is **GRANTED in part**; Plaintiff's first cause of action, alleging unlawful retaliation in violation of the First Amendment, is **DISMISSED** as against Defendant Artus; the Motion is otherwise **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion for sanctions (Dkt. No. 72) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   August 11, 2009
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

statements are sufficient to create a triable issue of fact.

Defendant Minogue also argues that Judge Peebles erred in his determination that there are triable issues of fact as to Plaintiff's Eighth Amendment claim against him, because Plaintiff stated at his deposition that "I didn't charge Minogue with cruel and unusual punishment." Deposition of Nathan Brown at 68 (Dkt. No. 67, Attach. 3, Ex. A); see Dkt. No. 80 at 2-3. However, Plaintiff later testified that he was charging Defendant Minogue "with being a liar and deceiver . . . in an attempt to protect the defendants from civil and criminal liability." Id. When asked what legal grounds he was citing for the violation, Plaintiff answered that "Minogue had knowledge that the assault was going to take place and that he condoned it." Id. The Court is mindful that Plaintiff is proceeding *pro se*. Reading the totality of the above-referenced deposition testimony in context, the Court finds that Plaintiff has not withdrawn his Eighth Amendment claim against Defendant Minogue. Rather, Plaintiff's answers clarified that his Eight Amendment claim against Defendant Minogue stems from Defendant Minogue's alleged failure to prevent the assault. The Court agrees with Judge Peebles that there are triable issues of fact as to whether Defendant Minogue was sufficiently involved in conduct that would give rise to liability under the Eighth Amendment. See Report-Rec. at 21-22.